IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| THOMAS NEILSON, | * | |
| Plaintiff, | * | |
| v. | * | Civil Case No.: CCB-11-3317 |
| THE UNUM LIFE INSURANCE COMPANY OF AMERICA d/b/a UNUM, *et al.*, | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

Plaintiff Thomas Neilson filed this lawsuit against Defendants Unum Life Insurance Company of America d/b/a Unum ("Unum") and The Williams Companies, Inc. Long Term Disability Plan ("the Plan") (collectively "Defendants"). This Memorandum Opinion addresses Plaintiff's Motion to Compel Discovery of Documents Listed in Defendants' Privilege Log, Or, In the Alternative, For *In Camera* Inspection and For Imposition of Statutory Penalties [ECF No. 28], and the opposition and reply thereto.[1] This case has been referred to a magistrate judge by United States District Judge Catherine C. Blake to resolve discovery issues. [ECF No. 33]. No hearing is deemed necessary. *See* Local Rule 105.6 (D. Md. 2011). For the reasons stated herein, Plaintiff's Motion to Compel is denied.

**I.   Procedural History**

Mr. Neilson made a claim for long-term disability benefits under the Plan, pursuant to a group policy issued by Unum to his employer. On October 14, 2010, following denial of Mr. Neilson's claim for benefits, Plaintiff's counsel requested information pursuant to ERISA,

---

[1] Plaintiff has withdrawn his request for *in camera* inspection of the disputed documents. Reply at 4 fn. 2.

including, "Any correspondence with the Plan fiduciary, its counsel, or your own counsel." Mot. Ex. 1. Plaintiff has not established whether or not he received any response to that request.

On February 21, 2012, after this litigation commenced, Plaintiff sent Defendants a request for production of documents containing a similar request for correspondence. Mot. Ex. 2. On April 23, 2012, Defendants provided records in response to that request for production. *See* Opp'n Ex. 1. At that time, Defendants withheld or redacted six (6) pages of otherwise responsive documents on the basis of attorney-client privilege. *Id.* On May 21, 2012, Plaintiff's counsel challenged the assertion of privilege. *See* Opp'n Ex. 2. On May 25, 2012, Defendants provided Plaintiff with three (3) pages of the previously withheld documents. *See* Opp'n Ex. 3. In their cover letter, Defendants explained that they continued to withhold three (3) pages as privileged because those pages, which were identified in the letter by Bates number, did "not relate to matters of plan administration; rather, they address non-fiduciary matters, specifically legal advice." *Id.* at 2-3. On May 30, 2012, Plaintiff's counsel responded by email. *See* Opp'n Ex. 4. The email did not specifically address the remaining claim of privilege, but stated, "I have carefully reviewed your 5/25/12 letter and will agree to the information to be produced." *Id.*

On July 27, 2012, Defendants filed the full administrative record, including the privilege log listing the three (3) allegedly privileged pages, with the Court. [ECF No. 27]. On July 31, 2012, Plaintiff's counsel sent an email to Defendants' counsel stating that he had become aware of the assertion of privilege over the three (3) pages "as of yesterday." Opp'n. Ex. 5. Defendants' counsel responded by email on August 1, 2012, noting that the assertion of privilege had been made in the May 25, 2012 letter. *See* Opp'n Ex. 6. On the next day, August 2, 2012, Plaintiff filed the instant motion to compel production of the documents listed in Defendants' privilege log. [ECF No. 28].

**II.     Analysis**

Plaintiff's motion to compel violates two Local Rules of this Court.  First, Plaintiff has not demonstrated that he engaged in the required conference of counsel to attempt to resolve the dispute.  Local Rule 104.7 provides:

> The Court will not consider any discovery motion unless the moving party has filed a certificate reciting (a) the date, time and place of the discovery conference, and the names of all persons participating therein, or (b) counsel's attempts to hold such a conference without success; and (c) and itemization of the issues requiring resolution by the Court.

Local Rule 104.7 (D. Md. 2011).  Plaintiff's failure to file such a certificate precludes his requested relief.

However, even if Plaintiff were to fulfill the requirements of Local Rule 104.7, the relief he seeks in his motion to compel is time-barred according to Local Rule 104.8(a).  That Rule states:

> If a party who has propounded . . . requests for production is dissatisfied with the response to them and has been unable to resolve informally (by oral or written communications) any disputes with the responding party, that party shall serve a motion to compel within thirty (30) days of the party's receipt of the response.

Local Rule 104.8(a) (D. Md. 2011).  The record establishes that the three (3) privileged pages were first identified to Plaintiff as part of a privilege log produced on April 23, 2012.  Following a challenge by Plaintiff, Defendants reaffirmed their assertion of privilege in writing on May 25, 2012.  Even using the date of the later response, Plaintiff's motion to compel needed to be filed on or before June 24, 2012 to comply with Local Rule 104.8(a).  Instead, Plaintiff filed his motion on August 2, 2012.  The motion is therefore time-barred.  Plaintiff's violation of Local Rule 104.8(a) constituted more than a mere technicality, because the belated motion to compel caused postponement of the previously agreed deadlines for dispositive motions practice.

This Court further declines to impose statutory penalties as requested by Plaintiff. In exercising its discretion whether to impose penalties, this Court must consider "prejudice to the plaintiff and the nature of the administrator's conduct in responding to the participant's request for plan documents." *Davis v. Featherstone*, 97 F.3d 734, 738 (4th Cir. 1996). Plaintiff has not demonstrated any prejudice resulting from Defendants' assertion of privilege over three (3) pages of documentation. The privilege log, while not a model of clarity and detail, establishes the dates of the three (3) pages and establishes that each page relates to consultation with in-house counsel. *See* Opp'n Ex. 6. Plaintiff's repeated suggestion that the three (3) pages constitute "claim guidelines" is therefore entirely unsupported by the record. *See, e.g.*, Mot. at 11 ("Plaintiff has been prejudiced during the administrative appeal process by not having the claims guidelines available"); Mot. at 12 (alleging "purposeful concealment of pertinent claim guidelines in this case"). Moreover, Defendants appear to have acted responsibly in response to Plaintiff's request for plan documents. Defendants' May 25, 2012 letter demonstrated that Defendants fully considered the applicability of the fiduciary exception to the attorney-client privilege and made reasoned decisions whether or not to continue their assertion of privilege. Opp'n Ex. 3 at 2-3. In fact, upon such consideration, Defendants produced one-half of the documents originally withheld on grounds of privilege. *Id.* Defendants' reasonable conduct does not warrant the imposition of sanctions.

### III. Conclusion

For the reasons set forth above, Plaintiff's Motion to Compel Discovery of Documents Listed in Defendants' Privilege Log, Or, In the Alternative, For *In Camera* Inspection And For Imposition of Statutory Penalties, will be denied. A separate Order is entered herewith.

Dated: September 10, 2012                            /s/
                                                                    Stephanie A. Gallagher
                                                                    United States Magistrate Judge